**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR PEREZ,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CLOVER FARMS DAIRY LLC,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Victor Perez (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Clover Farms Dairy LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Reading, PA.

3. Upon information and belief, Defendant Clover Farms Dairy LLC is a dairy farm with a location at 3300 Pottsville Pike, Reading, PA 19605 and corporate headquarters at 131 Grant Avenue, Reading, PA 19605.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

2

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging national origin discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-10374 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated February 27, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is Hispanic.

## PLAINTIFF REPORTED A SANITATION ISSUE TO AN OPERATOR WHO REPEATEDLY CURSED AT HIM IN RESPONSE

21. On or about August 18, 2025, Defendant hired Plaintiff in the position of Sanitation Lead.

22. Plaintiff was well qualified for his position and performed well.

23. On or about September 18, 2025, Plaintiff inspected a filler machine and noticed old milk cartons from a previous production run were on the line and that milk had coagulated and needed to be cleaned.

24. Plaintiff informed Samantha Manbeck (Caucasian), Operator, of this.

25. However, Manbeck responded to Plaintiff "get the f*** out of my face and get the f*** out of here", or words to that effect, three (3) times and refused to clean the filler.

## PLAINTIFF REPORTED MANBECK CURSING AT HIM TO HIS SUPERVISOR

26. Plaintiff proceeded to leave the machine and reported the situation to Edward Rodriguez, Supervisor, in person.

27. However, Rodriguez did not properly address Plaintiff's complaint.

## PLAINTIFF REPORTED THE INCIDENT WITH MANBECK TO THE SHIFT SUPERVISOR WHO REFUSED TO ADDRESS HIS COMPLAINT

28. Plaintiff then complained about Manbeck's conduct and insubordination to Ryan Hartman (Caucasian), Shift Supervisor, in person.

29. Hartman told Plaintiff that since there were no witnesses to the incident, he could not take any action.

30. In addition, Hartman informed Plaintiff that since his position was new, it would not be the first time that he would be disrespected by coworkers.

## PLAINTIFF SUBMITTED A WRITTEN COMPLAINT TO THE QUALITY SUPERVISOR AND WAS TOLD IT WOULD BE INVESTIGATED

31. On or about September 19, 2025, Plaintiff sent a written statement to Tim Stevens (Caucasian), Quality Assurance Manager, regarding Manbeck's discriminatory conduct and insubordination.

32. Stevens informed Plaintiff that Respondent would investigate his complaint.

33. However, Defendant did not notify Plaintiff of any updates regarding any alleged investigation.

## DEFENDANT TERMINATED PLAINTIFF

34. On or about September 28, 2025, Rodriguez terminated Plaintiff.

35. Rodriguez informed Plaintiff that the decision was made by upper management and that he had not been notified of the reason for Plaintiff's termination.

36. Upon information and belief, Manbeck was not disciplined or terminated for her discriminatory conduct and insubordination.

37. The vast majority of management at Defendant is Caucasian.

38. During Plaintiff's short tenure, Plaintiff was aware of approximately four (4) other Hispanic employees who were terminated by Defendant, suggesting a pattern and practice of discriminatory treatment.

39. Defendant discriminated against Plaintiff due to his national origin and retaliated against him for his complaints of national origin discrimination in violation of Title VII and the PHRA.

40. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – NATIONAL ORIGIN DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a member of protected classes in that he is Hispanic.

43. Plaintiff was qualified to perform the job for which he was hired.

44. Plaintiff suffered adverse job actions, including, but not limited to termination.

45. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

46. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

47. Defendant discriminated against Plaintiff on the basis of his protected class.

48. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

49. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

50. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISCRIMINATION BASED ON NATIONAL ORIGIN
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff

on the basis of his protected class (Hispanic).

53. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

55. Plaintiff engaged in activity protected by Title VII.

56. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

57. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

59. Plaintiff engaged in activity protected by PHRA.

60. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

61. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Victor Perez, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 12, 2026           By:  */s/David M. Koller*
                                  David M. Koller, Esquire
                                  Jordan D. Santo, Esquire
                                  2043 Locust Street, Suite 1B
                                  Philadelphia, PA 19103
                                  215-545-8917
                                  davidk@kollerlawfirm.com
                                  jordans@kollerlawfirm.com

                                  *Counsel for Plaintiff*